## Joel P. Whitney and another

### *v.*

### Robert McAfee.

#### Filed July 30, 1883.

Public Lands—Mexican Grant—Homestead Entry.
Under Act Cong. July 22, 1854, directing the surveyor general of New Mexico to ascertain and report to congress on all claims to lands under the laws, usages, and customs of Spain and Mexico, and reserving lands so claimed "from sale or other disposal by the government" until final action by congress, a report by the surveyor general that a certain Mexican grant has not been surveyed, but is "reported" to contain a certain number of acres; that the grant is valid and the title perfect in representatives of the grantee,—has the effect to segregate the land from the public domain of the United States, and a homestead entry thereon is void as against the claimants under the Mexican grant.

Appeal from the second judicial district court, (Bell, J., presiding,) Bernalillo county.

Bristol, J. The appellees, Joel P. Whitney and Franklin H. Story, brought an action of ejectment against the appellant, Robert McAfee, to recover the possession of certain lands, and for damages for the wrongful withholding of such possession from them, and obtained judgment in their favor in the court below. Appellees claim, as the source of their title, under a grant of lands from the republic of Mexico, made prior to the cession to the United States by that republic of the territory under and by virtue of the treaty between the two governments of July 4, 1848, commonly called the treaty of Guadalupe Hidalgo. Said grant includes the Berrendo springs, in

Valencia county, claimed by the appellant, and covers the land in controversy. The grant was made in the year 1845 to Antonio Sandoval. Sandoval, the original grantee, conveyed to Gervacio Nolau, who in 1858 died seized of the premises covered by the grant. The heirs of Gervacio Nolau conveyed the entire grant to Joel P. Whitney, one of the appellees, who thereafter conveyed an undivided one-half thereof to Franklin H. Story, the other appellee.

The defense of Robert McAfee, the appellant, is based mainly upon the ground, as claimed by him in the court below, that the land in controversy belonged to the public domain of the United States, and that he had settled upon and located the same under the homestead laws of the United States. The turning point in the case, therefore, is the question whether the lands in controversy are public lands of the United States, covered by the laws of congress providing for the disposal of the public domain, or have been segregated therefrom and excepted from the operation of the homestead laws under section 8 of the act of congress of July 22, 1854, entitled "An act to establish the offices of surveyor general of New Mexico, Kansas, and Nebraska, to grant donations to actual settlers and for other purposes." Said section 8 provides as follows:

"And be it further enacted, that it shall be the duty of the surveyor general, under such instructions as may be given by the secretary of the interior, to ascertain the origin, nature, character, and extent of all claims to lands under the laws, usages, and customs of Spain and Mexico; and for this purpose may issue notices, summon witnesses, administer oaths, and do and perform all other necessary acts in the premises. He shall make a full report on all such claims as originated before the cession of the territory to the United States by the treaty of Guadalupe Hidalgo of eighteen hundred and forty-eight, denoting the various grades of title, with his decision as to the validity or invalidity of each of the same under the laws, usages, and customs of the country before its cession to the United States. * * * Such report to be made according to the form which may be prescribed by the secretary of the interior, which report shall be laid before congress for such action thereon as may be deemed just and proper, with a view to confirm *bona fide* grants and give full effect to the treaty of eighteen hundred and forty-eight between the United States and Mexico; and, until the final action of congress on such claims, all lands covered thereby *shall be reserved from sale or other disposal by the government*, and shall not be subject to the donations granted by the previous provisions of this act." 10 U. S. St. at Large, 309.

Under this provision of the act of congress the surveyor general of New Mexico is clothed with judicial powers and duties with reference to Mexican and Spanish grants of land made prior to the acquisition of the territory by the United States. Neither this court nor the court below has any authority to review, reverse, or modify any decision of the

surveyor general as to the validity or invalidity of any such grant,. made in a case regularly before him. That power and authority rests with congress alone, and until reversed or modified by congress. any such decision of the surveyor general is binding upon this court. and must be regarded as *res judicata.* The record discloses the fact that so long ago as 1855, and during the life-time of said Gervacio Nolau, and after the aforesaid conveyance to him, he made a formal application to the then surveyor general to investigate and report upon the validity of said grant, and that such proceedings were had thereon, that in January, 1873, the surveyor general made his official report to the effect, among other things, that the said grant had not been surveyed, but was "reported" to contain about 300,000 acres of land;. that the grant is valid and the title perfect in the legal representatives of said Gervacio Nolau.

The legal effect of this decision of the surveyor general was to segregate from the public domain all the lands covered by the grant as reported on by him; to except and reserve them from the operation of the homestead and other general laws of the United States providing for the disposal of the public domain; and, pending the final action of congress on such report of the surveyor general, to vest by necessary implication in the grantee, and those claiming under him, the exclusive right of possession in and to the entire tract covered by the grant as reported. It is clear, therefore, that the appellant can-not rightfully claim possession by virtue of his homestead entry. He is a mere trespasser without color of right.

There are various other questions raised, but it is not necessary to. pass upon them, as they would not change the result.

Judgment below affirmed, with costs.

AXTELL, C. J., dissenting.